## SMITH *v.* CLARKE HARDWARE COMPANY.

· To a declaration substantially alleging that the plaintiff sought
   to purchase a particular kind of loaded cartridges, and was
   negligently given, by defendant's agent to sell, certain loaded
   cartridges which were represented to be of the kind asked for,
   and which were alleged to be very similar in size, make and
   mark to those desired, but were in reality of different calibre;
   and that on account of such difference in calibre, the plaintiff,
   he being without fault or negligence in handling the cartridges
   so purchased, and while using the same properly, was injured
   by the premature explosion of one of them,—*Held:*
1. That it was error to sustain a demurrer for want of a cause
   of action.
. 2. That the allegations in the declaration authorized a submission
   of the case to a jury, to determine the facts involved; among
   them, whether or not the injury could have been avoided by
   the plaintiff in the exercise of ordinary care.

Argued January 8,—Decided January 21, 1897.

Action for damages. Before Judge Reid. City court of
Atlanta. May term, 1897.

*Glenn & Rountree* and *J. A. Noyes*, for plaintiff.
*Rosser & Carter*, for defendant.

LITTLE, Justice.

Smith brought an action against the Clarke Hardware
· Company, to recover damages for personal injuries alleged
to have been sustained by him by reason of the explosion
in his face of a cartridge purchased from said company. In
his declaration the plaintiff alleges, substantially, that he
applied to an employee of the defendant company for a par-
ticular kind of loaded cartridges, to wit No. 38 calibre for a
Winchester rifle, and that defendant's agent to sell negli-
gently gave to plaintiff certain loaded cartridges which were
represented to be of the kind and calibre asked for, and
which were in fact very similar in size, make and mark to
those desired, but were in reality of different calibre and
manufactured and intended for use in altogether a different
firearm. It is alleged, that notwithstanding the cartridges

actually sold to plaintiff were marked on the end "S. & W.", and the cartridges desired were marked "W. S.," yet the letters on the end of each were of the same size and both kinds of cartridge very nearly the same size, differing only in the fact that the spread of the ball in the cartridge sold to plaintiff was broader than that in the cartridges asked for: in consequence whereof plaintiff did not detect the difference until after he was injured; that petitioner was in no way negligent in the purchase of said cartridges, nor in failing to detect that they were not the right kind of cartridges, nor in his use of said cartridges in his rifle at the time the injury occurred; nor was he in any way to blame for such injury.

To this action the defendant demurred upon the grounds: (1) That no cause of action is set up in said petition. (2) The petition shows upon its face that the negligence of the plaintiff caused the damage complained of in said petition. (3) The petition shows upon its face that by the exercise of ordinary care the plaintiff could have avoided the injury which he complains of in said petition. This demurrer was sustained by the court below, and the action dismissed; to which ruling the plaintiff excepts.

The second and third grounds of the demurrer are obviously untenable. It is inconsistent to admit all the allegations of the plaintiff's petition, as the demurrer does, and yet contend that the petition shows on its face that the negligence of plaintiff caused the damage, or that the injury could have been avoided by the exercise of ordinary care on the part of the plaintiff. It is manifest from the allegations contained in the petition, that it cannot be adjudged as matter of law that the plaintiff was negligent. The character of his allegations is such that, with defendant's liability in other respects established, the points raised by the second and third grounds of the demurrer are questions of fact which should be submitted to and determined by a jury. We therefore come to consider the single question: does the petition

set forth a cause of action? Has the plaintiff suffered at the hands of the defendant the consequences of a tort arising by reason of the negligence of the latter? Inasmuch as there can be no actionable negligence in the absence of the existence of a duty, and inasmuch as there can be no tort unless in a transaction of this character the law imposed upon the defendant the duty of exercising ordinary care in the sale of such goods to purchasers, it becomes material only to consider whether there was a duty imposed by law upon the defendant to exercise such care relatively to the plaintiff. As stated, there can be no case of the negligent injury of one person by another in the absence of a legal duty from the person inflicting the injury to the person on whom it is inflicted. 16 Am. & Eng. Enc. Law, p. 415, par. 8, and authorities there cited. It must be a duty implied by law, although it may arise out of contract. Bishop, Non-Contract Law, §§132, 133. In actions of tort, no duty is considered in law except a legal duty, and all legal duties exist from implication of law. A contract merely creates this implication. In his treatise on Negligence, §24, Dr. Wharton has well defined a legal duty to be, "that which the law requires to be done or forborne to a determinate person or to the public at large, and is correlative to a right vested in such determinate person or in the public." The obligation involved is not a moral obligation, but it is the obligation imposed on every member of society by law so to conduct himself and use his property as not to injure others: *sic utere tuo ut alienum non lœdas.* 16 Am. & Eng. Enc. Law, 417. In every undertaking there arise by implication of law certain rights and duties; the duty incumbent upon the party engaged in the undertaking is to so conduct it that no injury will result to others, and upon every person holding himself out to the public as willing to act in a certain capacity, professional or otherwise, and who has induced persons to commit themselves or their property to his care, there is by implication of law a duty to use proper care in his conduct to-

ward them; and as a consequence of this duty, there is a liability to answer for injuries caused by a breach of it. Ibid. 420, and authorites there cited. Thus an attorney is liable for negligently giving improper advice (117 Ind. 144); a physician for negligence in the treatment of his patient (73 Mich. 331). It has been held that a caterer is liable for injuries caused by poisonous food negligently furnished by him at a public entertainment; the court holding that, since he assumed to act as a caterer and was employed as such, a duty was implied to him by law to perform with due care that which he had undertaken. 139 Mass. 411. So also an apothecary who, by his servant, negligently sold, as and for tincture of rhubarb, two ounces of laudanum, was held liable for damages resulting from such negligent sale. 106 Mass. 143. In the case of Thomas and wife *v.* Winchester, 6 N. Y. Court of Appeals, 397, it was held that a dealer in drugs and medicines, who carelessly labels a deadly poison as a harmless medicine, and sends it so labeled into market, is liable to all persons who, without fault on their part, are injured by using it as such medicine in consequence of the false label; the court further holding that the liability in such case arises, not out of any contract or direct privity between him and the person injured, but out of the duty which the law imposes upon him to avoid acts in their nature dangerous to the lives of others. The imminent danger attending the sale and use of such drugs and the great difficulty of detecting their poisonous character, impose upon dealers the duty of exercising the highest degree of care known among practical men to prevent injury from the use thereof. 2 Shearman & Redfield's Neg. §691.

While in the sale of cartridges, ammunition and other devices to be used in firearms, the degree of care required may not be so great, nor the scope of liability so far-reaching, as in the sale of poisonous drugs, by reason of the fact that the dangers attending the former are not so imminent as those attending the latter, there being in all probability much less

difficulty in detecting the real kind and character of the one than would be true as to the other, yet it will not be contended that cartridges and kindred devices are not dangerous explosives, and being such, they cannot be blindly and indifferently distributed to purchasers without regard to the purpose for which they are to be used, or the age and discretion of the person to whom they are sold. One holding himself out to the public as dealing in such articles, at least owes to purchasers the duty of exercising ordinary care in the matter of placing into their hands the kind and character of goods for which they contract. This duty of course exists in a higher degree with respect to latent dangers which are hidden from the eye of the non-expert and without the knowledge of the uninformed. In the present case, we think the defendant owed to the plaintiff the duty of exercising ordinary care in the matter of selecting and selling to him the kind of cartridges asked for. It is claimed that there was a breach of this duty, by reason of the fact that the defendant negligently sold to plaintiff a different cartridge which was dangerous to be used in the rifle for which he endeavored to buy the cartridges. The demurrer admits the negligent sale; and holding as we do that such negligence constituted a breach of duty due by the defendant to the plaintiff, and further holding that it is a question of fact, and not of law, as to whether the plaintiff could by the exercise of ordinary care have detected the real character of the cartridge or otherwise avoided the injury of which he complains, it follows that the court erred in sustaining the demurrer and dismissing the plaintiff's action. We think the allegations in the declaration authorized a submission of the case to a jury, to determine the facts involved; among them, whether or not the injury could have been avoided by the plaintiff in the exercise of ordinary care.

*Judgment reversed. All the Justices concurring.*