### 5300. SAVANNAH LUMBER COMPANY v. DAVIS.

POTTLE, J. 1. Plaintiff's right to recover was settled by the decision of this court in Davis v. Savannah Lumber Co., 11 Ga. App. 610 (75 S. E. 986). There is no material variance between the testimony for the plaintiff as contained in the present record and that on the former trial. The plaintiff was not an employee of the defendant. His right to recover rested entirely upon proof of the contract alleged in his petition. Upon proof of this contract the law implied certain obligations on the part of the defendant toward the plaintiff, among which were, (1) the duty to furnish a saw in reasonably good condition and reasonably suited to the uses intended; (2) to inspect the saw, in order to see that it remained in good condition; (3) to warn the plaintiff of any defects in the saw, or dangers incident to its use, of which the defendant had knowledge or which it could have discovered by the exercise of ordinary care, and which the plaintiff did not know and could not have discovered by the exercise of ordinary care; and (4) to furnish a reasonably safe place in which to work. The plaintiff not being an employee of the defendant, contributory negligence on his part would not absolutely defeat his right to recover. If the defendant failed to perform any one or more of the duties above mentioned, and if this failure was the proximate cause of the plaintiff's injury, then, under the contract which he claimed was made, he could recover, unless his injury was due to his own failure to exercise ordinary care, or he could by the exercise of such care have avoided the consequences of defendant's negligence.

2. The charge of the court fully and fairly stated the contentions of the parties, and was as favorable to the defendant as it had any right to demand. The court did not err in its statement of the plaintiff's contentions, nor in submitting his contentions in reference to the negligence of the defendant in failing to furnish a safe place to work, in failing to inspect the saw, and in failing to warn the plaintiff of the defects therein. The numerous requests to charge which are set forth in the amended motion for new trial were, so far as legal and pertinent, fully covered by the charge given. The trial judge repeatedly stated to the jury that the burden was on the plaintiff to prove, by a preponderance of the evidence, the contract which he alleged to have been made, and the fact that he was injured as set forth in his petition; and specifically instructed the jury that if the plaintiff was engaged in sawing wood at the time he received his injuries he could not recover, because there would be a fatal variance between the allegations and the proof. The judge also instructed the jury that if the evidence was equally balanced on any of the points to which the several requests related, the plaintiff could not recover, because he carried the burden of introducing evidence on every material issue which would outweigh the evidence introduced in behalf of the defendant.

3. There was no error in the extracts from the charge on the subject of negligence, of which complaint is made in the motion for new trial.

4. The motion for damages will be denied, since the case is not one which justifies the inference that the writ of error was sued out solely for delay.                                           Judgment affirmed.

DECIDED JANUARY 20, 1914.

Action for damages; from city court of Savannah—Judge Davis Freeman. August 22, 1913.

*Adams & Adams,* for plaintiff in error.

*Shelby Myrick, Osborne & Lawrence,* contra.