## 20488.   MAYTAG COMPANY *v.* ARBOGAST.

STEPHENS, J.   1. Where the manufacturer of an article, such as a piece of machinery, which is built and assembled at the factory and is sold and placed on the market to be used in substantially the condition it is in when it leaves the factory, knows of and conceals a latent defect in its construction, which would render the machine dangerous to persons not in privity of contract with the manufacturer but who use the machine

for the purpose intended, the mere negligence of the dealer, who purchased the machine from the manufacturer and sold it to a person injured by it, in failing to discover its defective condition, is not, as a matter of law, such an intervening act as would break whatever causal connection there might be between the manufacturer's negligence in putting out the machine with knowledge of its defective condition and an injury to a person, not in privity of contract with the manufacturer, received while operating the machine. Shubert v. Clark, 49 Minn. 331 (51 N. W. 1103, 15 L. R. A. 818, 32 Am. St. R. 559); Lewis v. Terry, 111 Cal. 39 (43 Pac. 398, 31 L. R. A. 220, 52 Am. St. R. 146); Kuelling v. Roderick Lean Mfg. Co., 183 N. Y. 78 (75 N. E. 1098, 2 L. R. A. (N. S.) 303, 111 Am. St. R. 691); Tomlinson v. Armour, 75 N. J. L. 748, (70 Atl. 314, 19 L. R. A. (N. S.) 923, note). The rule might perhaps be otherwise if the dealer had knowledge of the defective condition of the machine. Olds Motor Works v. Shaffer, 145 Ky. 616 (140 S. W. 1047, 37 L. R. A. (N. S.) 560, Ann. Cas. 1913B, 689). See also, in this connection, Huset v. Case Threshing Machine Co., 120 Fed. 865. In the present case, in which a person not in privity of contract with the manufacturer, sued the manufacturer for injury from a defective machine, the charge of the court was not subject to the objection that it was error in failing to instruct the jury that the negligence of the dealer in not discovering the defect in the machine would, as a matter of law, break the causal connection between the negligence of the manufacturer, in placing the machine upon the market with knowledge of the defect, and the injury to the plaintiff.

2. Where it appeared from the evidence that the machine, alleged to have caused the plaintiff's injury, was a washing machine with a wringer attached, both of which were operated by electricity, and where the wringer could be operated separately from the rest of the machine, by reason of a lever which operated against a spring on the inside of the machinery at the place where the lever was attached, and the lever, by reason of the spring, was kept in position when set by the operator, and where the alleged defect consisted in the omission of the insertion of this spring in the machine, thus leaving the lever insecure when set, and bringing about a condition whereby the vibration of the machine when set in motion, with the wringer shut off by the lever, caused the insecure lever to move and throw the wringer into operation, and where the operator's hand, which was resting on the wringer, was caught in the roller and mashed, and where there was evidence to authorize the inference that the defect which caused the injury existed when the machine left the factory, and that the machine was inspected at the factory by the manufacturer before it was put upon the market, the inference was authorized that the manufacturer, before putting the machine upon the market, knew of the defect; and where the evidence authorized the inference that the dealer to whom the manufacturer sold the machine, and who in turn sold it to the plaintiff, had no knowledge of the defective condition of the machine, the inference was authorized that the act of the manufacturer in placing the machine upon the market with knowledge of the defective condition was negligence of the manufacturer, proximately causing the plaintiff's injury.

3. The evidence authorized the verdict found for the plaintiff, and no error appears.

*Judgment affirmed. Bell, J., concurs. Jenkins, P. J., disqualified.*

DECIDED FEBRUARY 16, 1931. REHEARING DENIED FEBRUARY 28, 1931.

*Spalding, MacDougald & Sibley, Estes Doremus,* for plaintiff in error.

*Hewlett & Dennis, T. F. Bowden,* contra.

ON MOTION FOR REHEARING.

STEPHENS, J. The evidence did not demand the inference that the dealer did in fact know of the defect; and, granting that the evidence conclusively established that the dealer was negligent in failing to discover the same, it was still a jury question as to whether this negligence or the negligence of the manufacturer constituted the proximate cause of the plaintiff's injuries. Hence, there is no merit in the exception to the charge upon the ground that the court should have told the jury, as a matter of law, that the negligence of the dealer in failing to discover the defects should be treated as an intervening agency, breaking the causal connection between the negligence of the manufacturer and the injury complained of.

There is no exception upon the ground that the court failed to submit this question as an issue of fact for determination by the jury, or that the jury were not instructed that *knowledge* of the defects by the dealer would constitute the proximate cause of the injury.

*Rehearing denied. Bell, J., concurs. Jenkins, P. J., disqualified.*