22654, 22655. ROBBINS *v.* GEORGIA POWER COMPANY; and *vice versa.*

STEPHENS, J. 1. Where an instrumentality consists of a motor operated by electricity, with belts attached to go around the body of a person, and when operated, causes a vibration of the body, and is used for the purpose of reducing surplus fat, and where the intensity of the vibrations can be regulated by the pressure of the body upon the belts, it is not, as respects any physical injuries to a person using the machine, which might result from the vibration of the body, a dangerous instrumentality. Any physical danger to a person resulting from vibrations caused by the operation of the machine consists, not in any danger in the character of the machine or any defect therein, but solely in the speed at which the machine is operated and the intensity of the vibrations caused by its operation, which are under the control of the person operating the machine. A person having the machine for sale violates no duty to the person to whom it is delivered to be used for the purpose intended, in failing to warn him as to any danger in the use of the machine, and, knowing him to be in bad health from the effects of a

518

surgical operation, in recommending the use of the machine to him as being beneficial to him physically, and recommending that he use it for a definite length of time and operate it at the highest speed at which it is capable of being operated.

2. Where a woman, after such a machine had been delivered to her to be used for the purpose indicated, with assurances from the person delivering it that the use of the machine would be beneficial to her, although she had undergone a surgical operation, that she could use the machine for ten minutes at a time while it was being operated at its highest rate of speed, and, after using the machine several times, suffered, as a result of the intense and fast vibrations of the machine, the displacement of a kidney, the proximate cause of the injury was not any negligence of the person who delivered the machine to her. In a suit by her husband against the person who furnished her the machine, to recover damages for loss of his wife's services as a result of the injuries sustained by her in the use of the machine, where the foregoing appeared from the evidence adduced in behalf of the plaintiff, and there was no evidence otherwise to show liability of the defendant for the injuries sustained, the evidence was insufficient to authorize a verdict for the plaintiff, and the court properly awarded a nonsuit.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. Sutton, J., concurs. Jenkins, P. J., absent on account of illness.*

DECIDED SEPTEMBER 18, 1933.

*A. E. Wilson, C. L. Padgett,* for plaintiff.
*Colquitt, Parker, Troutman & Arkwright, Harllee Branch Jr.,* for defendant.

