28349. STEPHENS *v.* SNYDER.

DECIDED JUNE 10, 1940. REHEARING DENIED JULY 30, 1940.

92

*Edward F. Taylor* for plaintiff.

*Martin, Martin & Snow,* for defendant.

FELTON, J. (After stating the foregoing facts.) It is not necessary for us to decide whether the storekeeper was negligent in not examining the dress before offering it for sale, and whether the principle announced in *King Hardware Co.* v. *Ennis,* 39 *Ga. App.* 355 (147 S. E. 119), is applicable to a situation where the danger from a defect is as well known to the customer as it is to the dealer. Our view of this case is that the plaintiff's injury was due to her negligence, assuming but not deciding that the defendant was negligent. The plaintiff knew that the dress was too small. Ordinary care on her part required that she remove the dress without injury to the dress or to the flower thereon. It seems that if she had exercised such care she would not have attempted to remove the dress without assistance and in such a way as to cause the flower or a part of it to come in contact with her face to such an extent that it injured her. There was no request that the saleslady render any assistance in removing the dress and no refusal on her part to assist. It would seem that the plaintiff was in a better position to know whether or not she needed assistance than was the saleslady. The court did not err in sustaining the demurrer and in dismissing the action.

*Judgment affirmed. Sutton, J., concurs. Stephens, P. J., dissents.*