The court did not err in sustaining the general demurrer to the petition and in dismissing the action.
 DECIDED JUNE 10, 1940. REHEARING DENIED JULY 30, 1940.
Mrs. Curtis L. Stephens brought this action for personal injuries, against Mrs. Julia Snyder, doing business as Snyder's Ready to Wear. The petition alleged, in substance, that on July 13, 1939, petitioner went to the store of the defendant for the purpose of buying a dress to be worn by petitioner; that a saleslady, who was the agent and employee of the defendant at said time and place, proposed that petitioner try on a certain dress then in stock and offered for sale by defendant; that the defendant keeps on hand a large quantity of dresses which she offers for sale to the general public; that on the front portion of the dress and near the top thereof was attached a flower made of celluloid or some other hard substance; that the flower had attached to it imitation stems made of wire or some other metal, which stems were intended to be covered by cloth or thread or some other material; that the stems of the flower were so covered, except that one of the wires or other hard substance in the stem was not completely covered, and about three fourths of an inch of said wire or other material protruded *Page 91 
beyond the cloth which was intended to cover the stem of the flower; that the agent of the defendant placed the dress upon the plaintiff, and discovered that the dress was too tight and was not large enough to fit her, and suggested that she (the agent) would get a larger dress and try on the plaintiff; that while the saleslady was going for the dress the plaintiff began to remove the dress placed upon her by the saleslady, in full view of the saleslady and without protest from her; that in removing the dress she pulled the dress up from the bottom so that the dress would pass over her head; that in removing the dress in this manner the dress was turned inside out so that the flower and stems on the outside of the dress were then forced toward the face of petitioner, which manner of removal was customary; that the dress was so tight around the neck and shoulders that considerable force and pulling were necessary to extricate the plaintiff from the dress; that as the flower and stems upon the dress passed by her face the uncovered wire on the stem of the flower which was protruding passed into the plaintiff's right eyeball, injuring her; that up to that time she had not discovered the wire protruding from the stem of the flower, and had not examined the dress, and had no occasion to examine it, as it was slipped on to her by the saleslady; that at the time she was injured she was in the exercise of ordinary care, and by the exercise of ordinary care she could not avoid the negligence of the defendant; that the defendant was negligent in (a) offering to sell to the plaintiff a dress which contained a dangerous instrumentality, to wit, a piece of uncovered metal or other hard and dangerous material; (b) placing said dress with the dangerous piece of wire on her body and exposing her to injury therefrom; (c) not warning her that the dress was dangerous and likely to injure her; (d) not examining the dress before it was offered for sale, to ascertain whether it was dangerous and likely to injure the plaintiff; (e) not removing or protecting the dangerous piece of wire from the dress before placing the dress on the plaintiff; (f) not furnishing sufficient help in the store to remove the dress from her without her assistance, and thereby making it necessary to turn the dress inside out in removing it; that a person handling the dress could more readily discover the wire protruding from the dress than could a person who had on the dress, because the dress would be on the line of the eyes of one not having *Page 92 
it on, and the saleslady attempting to sell the dress had a better opportunity to discover the wire than did the plaintiff, because the saleslady had a direct view of the dress and the plaintiff had the dress on and the wire was under her chin.
An amendment alleged substantially, that the wire protruding from the stem of the flower was about one sixteenth inch in diameter and about three inches long, all but about one half of which was covered with cloth or some other material; that at the time of the injury the custom at the place of business of the defendant was for customers to remove such dresses from their bodies, and this was well known to the defendant; and that she was removing the dress in the usual manner by drawing it over her head. A general demurrer to the petition as amended was filed. Exception was taken to an order sustaining the general demurrer and dismissing the action.
It is not necessary for us to decide whether the storekeeper was negligent in not examining the dress before offering it for sale, and whether the principle announced in King Hardware Co. v. Ennis, 39 Ga. App. 355
(147 S.E. 119), is applicable to a situation where the danger from a defect is as well known to the customer as it is to the dealer. Our view of this case is that the plaintiff's injury was due to her negligence, assuming but not deciding that the defendant was negligent. The plaintiff knew that the dress was too small. Ordinary care on her part required that she remove the dress without injury to the dress or to the flower thereon. It seems that if she had exercised such care she would not have attempted to remove the dress without assistance and in such a way as to cause the flower or a part of it to come in contact with her face to such an extent that it injured her. There was no request that the saleslady render any assistance in removing the dress and no refusal on her part to assist. It would seem that the plaintiff was in a better position to know whether or not she needed assistance than was the saleslady. The court did not err in sustaining the demurrer and in dismissing the action.
Judgment affirmed. Sutton, J., concurs. Stephens, P. J.,dissents. *Page 93