31928.   WILKINSON *v.* RICH'S INC. *et al.*

DECIDED JUNE 1, 1948.

242

*Lokey & Bowden, Charles M. Lokey*, for plaintiff.

*Neely, Marshall & Greene, W. Neal·Baird*, for defendants.

GARDNER, J. ■ We have set forth the pleadings, not verbatim but substantially and in detail, as they appear in the record. It is well settled that on demurrer the allegations of a petition must be construed most strongly against the pleader. Where an inference to the right of a party claiming under the pleading may be fairly drawn from the facts stated therein, such inferences, on demurrer, will prevail in determining the rights of the parties. *Krueger* v. *MacDougald*, 148 *Ga.* 429 (96 S. E. 867). Mere conclusions add nothing to the facts alleged.

*Thomas* v. *Georgia Granite Co.*, 140 *Ga.* 460 (79 S. E. 130). A conclusion must yield, on demurrer, to the particular facts shown if inferences therefrom contradict the conclusions. *Moore* v. *Seaboard Air-Line Ry. Co.*, 30 *Ga. App.* 466 (118 S. E. 471). While it is true that the allegations of the petition in the instant case allege that the hooked rugs sold had no inherent qualities of adhesion to the floor ordinarily present in floor rugs, and that the rug was dangerous to use without a rug pad or similar material beneath it in position on the floor, and that the agent and salesman knew that the type of rug which was sold to the plaintiff was dangerous to use without a rug pad or similar material beneath it to anchor it on the floor, it is further alleged in this connection that the agent knew this and that the plaintiff did not. It is alleged that the plaintiff was a woman 55 years old engaged in business as a real-estate salesman making a salary of approximately $6000 a year; that she bought the rugs for a grown married daughter. It is reasonable to conclude from the petition that the plaintiff was a woman of considerable experience with the qualities of rugs and perhaps greater experience than most persons as her vocation required her to go into many homes and offices other than her own. It is common knowledge that all rugs have a tendency to slide on a smooth surface where there is any lateral pressure in stepping on them. There is no question from the petition that the plaintiff had full opportunity to examine the rugs. They were not concealed from her view. In the absence of any allegations to the contrary she evidently looked at them carefully. It would seem that if there were any inherent qualities in the rugs which affected their traction they were readily discoverable by the plaintiff. It therefore follows that the conclusions that the plaintiff was unaware of that, should give away to the pleaded facts and the inferences therefrom that the plaintiff was bound to know or by the exercise of ordinary care should have known the qualities the rugs possessed. It must be kept in mind that there is no allegation that there was any latent defect in the rugs. It was, so far as the allegations go, in material and make, a perfect hooked rug. There was no allegation that there was anything inherently dangerous in it, no defect in manufacture, no imperfection in the material used in the con-

struction. It therefore follows that whatever danger there was relative to the rug was in the use of it. Rugs are in common use. There is no allegation that the manufacture of hooked rugs was a recent departure from rug manufacturing or that the rug on which the plaintiff slipped was such a rug as was not commonly and generally used in homes throughout the country. It would seem to require no skill or experience for one with the experience of the plaintiff to have discovered the qualities of the rug of which she complains. See, in this connection, *Norris v. American Railway Express Co.*, 156 *Ga.* 150, 155 (118 S. E. 686).

The rugs in the instant case, as is generally known, are everyday commonplace rugs, for use in the home. The size and shape are what is generally known as "scatter rugs." It is a matter of common knowledge that such rugs have a tendency to slip and we think the plaintiff was bound to know of such qualities of such rugs. We think this is an inference from the facts alleged as distinguished from the conclusions in the petition.

■ The instant case sounds in tort, the basic theory, however, upon which it is sought to have liability attached is the breach of an implied warranty that the articles were free from defects and suitable for the use for which they were intended. In paragraph 8 of the plaintiff's petition it is alleged that the rug on which the plaintiff slipped "was a defective inherently dangerous article, not reasonably suited for the use for which rugs are intended, and for which this rug was intended, to wit, for use upon the floor." In *Jones v. Knightstown Body Co.*, 52 *Ga. App.* 667, 671 (184 S. E. 427), this court said: "If there is no express covenant of warranty, the purchaser must exercise caution in detecting defects, but the seller in all cases, unless expressly or from the nature of the transaction excepted, warrants that he has title and right to sell, that the article sold is merchantable and reasonably suited to the use intended, and that he knows of no latent defects undisclosed. Code of 1933, §§ 96-301, 96-306. Implied warranty is a guaranty against loss only from latent defects. The law of implied warranty will not avail against patent defects, nor against latent defects which are either disclosed or are discoverable by the exercise of caution on the part of the purchaser. *Lunsford v. Malsby*, 101 *Ga.* 41 (28 S. E. 496). Where property is bought under an implied warranty that it is

reasonably suited to the use intended, an acceptance by the purchaser waives all defects discovered by him, or which, by the exercise of ordinary care and prudence, he might have discovered before delivery. *Mansor* v. *Zemurray*, 22 *Ga. App.* 441 (96 S. E. 233); *Cook* v. *Finch*, 117 *Ga.* 541 (44 S. E. 95)." Our construction is that the effect of this decision holds that if the defect was discoverable there is no implied warranty. If there is no implied warranty, there is no basis for any tort action, since there is no duty which is violated. The petition nowhere alleges that the plaintiff could not by the exercise of ordinary care have discovered the qualities of the rugs of which she complains. She merely alleges that she had no actual knowledge of such qualities. As we have heretofore stated, the petition nowhere alleges that there were any latent defects in the rugs. See, in this connection, *Robbins* v. *Georgia Power Co.*, 47 *Ga. App.* 517 (171 S. E. 218).

In our opinion the plaintiff is not entitled to recover. We have read carefully the decisions cited on behalf of the plaintiff. The facts in those cases differentiate them from those in the instant case. Since we have set out the pleadings we will call attention to the cases cited and relied upon by counsel for the plaintiff, without discussing them in a comparative way. They are: *Smith* v. *Clarke Hardware Co.*, 100 *Ga.* 163 (28 S. E. 73, 39 L. R. A. 607); *Woodward* v. *Miller*, 119 *Ga.* 618 (46 S. E. 847, 64 L. R. A. 932, 100 Am. St. R. 188); *Bohler* v. *Owens*, 60 *Ga.* 186; *Rollestone* v. *Cassirer*, 3 *Ga. App.* 161 (59 S. E. 442); *Savannah Lumber Co.* v. *Davis*, 14 *Ga. App.* 233 (80 S. E. 535); *King Hardware Co.* v. *Ennis*, 39 *Ga. App.* 355 (2) (147 S. E. 119); *Davis* v. *Williams*, 58 *Ga. App.* 274 (198 S. E. 357); *Hodges* v. *Atlanta Gas Light Co.*, 75 *Ga. App.* 105 (42 S. E. 2d, 244).

The court did not err in sustaining the demurrers to the petition for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*