34291. WILLIAMS *v.* BALLENGER *et al.*

DECIDED NOVEMBER 21, 1952.

*S. Thomas Memory, Ben A. Hodges*, for plaintiff in error.
*Wilson & Wilson*, contra.

SUTTON, C. J. (After stating the foregoing facts.) ■ The plaintiff's petition shows that he purchased from the defendants a two-burner oil heater, which was delivered to him in an open package and was placed and installed in his house by the defendant Harper, who represented it to be a new heater and suited for

the purpose of heating his house, and who showed him how to operate it, during which demonstration the heater was lighted and allowed to burn for about twenty minutes. Some fifteen days thereafter, the plaintiff lighted the heater for the first time subsequent to. its delivery, and it exploded and caused the injuries and damage complained of. It is alleged that the heater was inherently dangerous when it was placed in the plaintiff's house by the defendants because of latent defects therein, which were not apparent to the plaintiff on account of his lack of knowledge of the structure of the heater, and which could not have been discovered by him by the exercise of ordinary diligence. It is charged that the defendants were negligent in selling and delivering to the plaintiff a heater with latent defects, which the defendants knew, or should have known, existed. The plaintiff's suit is based on the breach of an implied warranty by the defendants in the sale of the heater to him.

Code, § 96-301, is as follows: "If there is no express covenant of warranty, the purchaser must exercise caution in detecting defects; the seller, however, in all cases (unless expressly or from the nature of the transaction excepted) warrants that—1. He has a valid title and right to sell. 2. The article sold is merchantable, and reasonably suited to the use intended. 3. He knows of no latent defects undisclosed."

But it is contended by the defendants in error that the alleged defect in the stove was a latent or concealed defect, and that there was no obligation or duty on their part to discover such defect; and that, for this reason, the petition was subject to general demurrer. It was ruled in *Snowden* v. *Waterman & Co.*, 105 *Ga.* 384, 387 (31 S. E. 110): "The law imposes upon the vendee the duty of exercising. caution in detecting defects; and hence it is a well-established rule, that where the defect is patent, or could have been ascertained by the exercise of diligence, there can be no recovery upon the ground of an implied warranty. In all such cases the doctrine of caveat emptor applies. But in cases of latent defects, the existence of which can not be ascertained by an examination of the property, the law protects a purchaser by imposing upon the vendor an implied warranty, whenever the defect is of such a nature as to render the article sold unsuited to the use intended. In cases of latent

defects, therefore, the doctrine of caveat venditor applies." And it was held in the first headnote in that case: "A vendee of personal property, by making a personal examination and inspection of the same before the purchase with the view of determining for himself the quality and condition of the property, does not thereby waive an implied warranty by the vendor that the article sold is merchantable and reasonably suited to the use intended; and the vendee can maintain a suit for such breach of the warranty growing out of a latent defect which could not, in the exercise of due caution, have been detected; and this is true notwithstanding the vendor was ignorant of the existence of such defect." Also, see *Snowden* v. *Waterman*, 100 *Ga.* 588 (1) (28 S. E. 121). Implied warranty is a guaranty against loss from latent defects. *Wilkinson* v. *Rich's Inc.*, 77 *Ga. App.* 239, 244 (2) (48 S. E. 2d, 552).

The allegations of the present petition are very similar to the allegations of the petition in *King Hardware Co.* v. *Ennis*, 39 *Ga. App.* 355, 356 (147 S. E. 119). The subject matter of that suit was a defective gasoline stove, which exploded, and in the present case it was a defective oil stove. It was said in that case (p. 360): "It is the general rule that a vendor or dealer who is not the manufacturer is under no obligation to test an article purchased and sold by him for the purpose of discovering latent or concealed defects, but that when he purchases and sells an article in common and general use, in the usual course of trade, without knowledge of its dangerous quality, and with nothing tending reasonably to call his attention thereto, he is not negligent in failing to exercise care to determine whether it is dangerous or not. In such a case he may assume that the manufacturer has done his duty in properly constructing the article and in not placing upon the market a commodity which is defective and likely to inflict injury. [Citations.] This is to speak only of articles which are not inherently dangerous. While we construe the petition in this case as alleging, not that the stove was inherently dangerous, but that it was dangerous because of a defect, we think it may be reasonably inferred from all the facts alleged that the defect was one which a reasonably prudent dealer should have discovered before placing it upon the market and delivering it to a customer."

It was alleged in the present case that the oil stove was inherently dangerous on account of the alleged defects therein; that the defendants delivered it to him in an opened package, installed it in his house, and showed him how to operate it; and that he followed their instructions in lighting the heater, when it exploded. It was further said in the *King Hardware* case (supra, at p. 361): "It is a matter of common knowledge that cooking stoves do not come in sealed packages, but are readily subject to be exposed, and usually are exposed, if not demonstrated, in the process of selling. It is well known that dealers selling such articles do as a matter of fact pretend to know something of their construction and of the manner of their manipulation, and the case is different from those instances where the dealer receives and transmits an article in an unbroken package, with no occasion to investigate or to become acquainted with its character. [Citations.] Thus, it can not be said that the defendants in this case should not have known of the defective condition of the stove in question. On the contrary, the petition, as against demurrer, sufficiently shows a duty of knowledge, and in such a case a charge of implied notice is sufficient. Where preliminary facts necessary to disclose duty of knowledge by the proprietor have been set forth, a statement, as a conclusion, that he knew or ought to have known is not objectionable as failing to show negligence."

■ As against general demurrer, the petition was sufficient to show that Harper was the agent of L. C. Ballenger, t/a Ballenger Furniture Company, and was acting for him in the sale of the stove to the plaintiff. Where agency is expressly averred, a general allegation is sufficient.

■ We are of the opinion, and so hold, that the petition set out a cause of action against the defendants, and that the court erred in dismissing the petition on general demurrer.

*Judgment reversed. Felton and Worrill, JJ., concur.*