David Allen **PURKEY**, by next friend, **D. A. Purkey**,

v.

**SEARS, ROEBUCK & COMPANY.**

No. 15174.

United States Court of Appeals, Fifth Circuit.

March 30, 1955.

Frank Grizzard, John I. Kelley, Thomas B. Branch, Jr., Atlanta, Ga., for appellant.

Edgar A. Neely, Jr., Atlanta, Ga. (Marshall, Greene & Neely, Atlanta, Ga., of counsel), for appellee.

Before HUTCHESON, Chief Judge, HOLMES, Circuit Judge, and DAWKINS, District Judge.

DAWKINS, District Judge.

In the spring of 1951, one McMillan purchased from appellee a Craftsman lawn mower, distributed but not manufactured by appellee. The machine was powered by a gasoline motor and had a rotary blade which revolved at a high rate of speed. The blade was adjustable to three positions and was underneath and partially enclosed by a metal plate which was the base. Substantial metal parts enclosed the blade on the sides of the machine, except for an opening on the left side near the rear through which grass was ejected. Near the center of the opening was a piece of metal so placed and turned as to deflect grass, pebbles or other such objects away from the operator. There is nothing in the record to indicate that this machine was substantially different in construction and operation from mowers sold and used by the thousands all over the country.

On November 6, 1952, approximately 18 months after McMillan bought the mower, he was using it to trim his lawn. Mrs. Purkey, a neighbor of the McMillans, had left appellant, her four-year-old son, with the McMillans for the afternoon; and the child was playing in the yard. He was about 36 feet away when McMillan ran the mower into a small space between a shrub and a pole to cut some high grass. The blade struck an imbedded chunk of concrete, hurling a piece through the opening at the rear of the machine toward appellant, whom it struck in or near the eye. Appellant was severely injured and lost the sight in the eye.

Through a next friend, appellant brought this action for damages, alleging that appellee was negligent in selling an inherently dangerous machine without enclosing the rear opening or placing efficient guards around the blade, in failing to anticipate that the mower would hurl objects through the opening and cause injury to persons lawfully and innocently nearby. Appellee's answer was a general denial and also contained allegations of negligence on the part of McMillan and appellant's parents.

Appellee's evidence showed that a booklet of instructions was given with the machine, containing a specific instruction to the user to remove all foreign objects from the area to be cut and to avoid striking tree trunks, exposed roots and like objects. However, McMillan was a mechanic, having been so trained in the Army, and he never consulted the booklet, considering himself qualified to operate and maintain the mower on his own. He had used the machine regularly, had loaned it to neighbors and had never had any indication that such an accident as this would or could occur.

According to McMillan's testimony for appellant, at the time of the accident, he was working in a small space bordering his lawn and was concentrating on the task of maneuvering the mower into a "tight" area between a crepe myrtle bush and a utility pole. He was not certain but thought it possible that he had tilted the machine somewhat in order to reach the grass he desired to cut. Appellant was on an upward slope, well above the level on which the mower was being operated; and McMillan could not understand how the accident occurred. He had never seen the mower throw any object so far or so high, and reasoned that the result

must have been brought about by the fact that the concrete was imbedded.

A Professor of Mechanical Engineering at Georgia Tech, who had had experience as a safety engineer for a manufacturing firm, testified for appellant. He stated that he had studied the mower with respect to safety precautions and determined it was "not too good". He pointed out changes which, in his opinion, would have prevented the occurrence of an accident such as the one involved here.

At the close of appellant's evidence, the trial judge granted appellee's motion for directed verdict, saying:

"  *   *   *   In order for the plaintiff in this case to be entitled to recover they must introduce evidence that would authorize you to find not only that the mower was defective, but the defect was so patent, so obvious that Sears, Roebuck Company could, by the exercise of ordinary care, discover that it was a defective machine and that they, either knowing that it was defective or by negligently failing to discover that it was defective, they failed to warn Mr. McMillan, and that by reason of that negligence they are liable for the injury to this child. I am of the opinion that there is no such evidence in this case  *   *   *."

Appellant here relies upon a line of Georgia decisions relating to the liability of a manufacturer or seller of inherently dangerous articles,[1] and particularly cites King Hardware Co. v. Ennis, 39 Ga.App. 355, 147 S.E. 119. The latter case recognizes the general rule that a dealer may be liable for damages caused by reasonably discoverable defects in an article sold, even if the article itself cannot be said to be inherently dangerous.

However, we agree with the trial judge that the evidence adduced by the appellant does not bring this matter within the ambit of the cited cases. On the contrary, it is clearly shown that printed instructions cautioned the purchaser not to use the mower until all foreign articles were removed from the area to be cut; and McMillan testified that to his knowledge, in 18 months of use, the mower had never thrown an object as far or as high as it threw the piece of concrete which struck appellant. Hence, from appellant's own evidence, it appears the machine was safe for normal and careful use, and that even if it were defectively designed, the defect could not have been discovered by the exercise of ordinary care. Appellee was not the manufacturer and there was no privity of contract between it and appellant. This being so, appellee cannot be held to the duty of foreseeing an accident as remote in time and as unusual as the one involved here.

Tragic as the accident was, we must hold that the appellant failed to produce any evidence to establish actionable negligence on the part of appellee.[2]

Affirmed.

1. Smith v. Clarke Hardware Co., 100 Ga. 163, 28 S.E. 73, 39 L.R.A. 607; Simmons Co. v. Hardin, 75 Ga.App. 420, 43 S.E. 2d 553; J. C. Lewis Motor Co., Inc. v. Williams, 85 Ga.App. 538, 69 S.E.2d 816; Moody v. Martin Motor Co., 76 Ga.App. 456, 46 S.E.2d 197; Eades v. Spencer Adams Paint Co., 82 Ga.App. 123, 60 S.E.2d 543; Segal v. Carroll Furniture Co., 51 Ga.App. 164, 179 S.E. 775; Milton Bradley Co. of Georgia, Inc., v. Cooper, 79 Ga.App. 302, 53 S.E.2d 761, 11 A.L.R.2d 1019; Maytag Company v. Arbogast, 42 Ga.App. 666, 157 S.E. 350.

2. Compare Amason v. Ford Motor Co., 5 Cir., 80 F.2d 265; Robbins v. Georgia Power Co., 47 Ga.App. 517, 171 S.E. 218; Wilkins v. Rich's, Inc., 77 Ga.App. 239, 48 S.E.2d 552; Washburn Storage Co. v. General Motors Corp., 90 Ga.App. 380, 83 S.E.2d 26. See also Ford Motor Co. v. Wagoner, 183 Tenn. 392, 192 S.W.2d 840, 852, 164 A.L.R. 371; 65 C.J.S., Verbo Negligence, §§ 4 & 5.