41768.   SODERHAMN MACHINE MANUFACTURING COMPANY v. WILSON.

SUBMITTED JANUARY 4, 1966—DECIDED MARCH 11, 1966.

309

*Sharpe, Sharpe & Hartley, T. Ross Sharpe,* for appellant.
*Neville & Neville, Oliver & Maner, Edwin Maner, Jr.,* for appellee.

Felton, Chief Judge. It is contended that the petition is an

attempt to state a cause of action based upon implied warranty and that the plaintiff does not have the privity of contract requisite to the bringing of such an action. Although there are allegations of negligence in the manufacturing of the machine, the fact that the action is not predicated upon the theory of implied warranty is evidenced by the absence of any reference whatsoever to this term in the petition.

The petition contains allegations of the defendant's negligence subsequently to the manufacture of the machine—not only in failing either to correct the potentially dangerous defects, of which it allegedly knew or which it could have discovered, or to warn the vendee, the decedent, or other users of the machine of such defects, but also in making positive representations that the machine was in safe operating condition. For cases holding that such negligence may be found to be actionable, see: MacPherson v. Buick Motor Co., 217 N. Y. 382 (111 NE 1050, LRA 1916F 696, AC 1916C 440) ; *Maytag Company v. Arbogast,* 42 Ga. App. 666 (1, 2) (157 SE 350) ; *Simmons Co. v. Hardin,* 75 Ga. App. 420, 423 (43 SE2d 553) ; *Washburn &c. Co. v. General Motors Corp.,* 90 Ga. App. 380 (3) (83 SE2d 26) ; *G. Bernd Co. v. Rahn,* 94 Ga. App. 713, 720 (96 SE2d 185) ; *Hand v. Harrison,* 99 Ga. App. 429, 432 (108 SE2d 814) ; *Smith v. Clarke Hardware Co.,* 100 Ga. 163 (28 SE 73, 39 LRA 607) ; *Floyd v. Morgan,* 106 Ga. App. 332, 334 (127 SE2d 31). The allegation of the knocking sounds emitted from the machine from the date of its initial operation up until the date of decedent's death does not show that decedent had notice of any defects in the machine, since it is also alleged that the defendant inspected the machine after receiving notice of these sounds and represented that such sounds were caused by a harmless air pocket and could be disregarded. The petition shows no reason why the plaintiff's recovery would be barred.

The petition alleges actionable negligence; therefore, the court did not err in overruling the general demurrer thereto.

*Judgment affirmed. Frankum and Pannell, JJ., concur.*