### CARTER *et al.* v. PARRISH *et al.*

GILBERT, J. Creditors of an insolvent corporation filed a suit for injunction and receiver. Other creditors intervened, praying judgment against the organizers of the corporation as partners, under the Civil Code (1910, § 2220, which provides as follows: "Persons who organize a company and transact business in its name, before the minimum capital stock has been subscribed for, are liable to creditors to make good the minimum capital stock with interest." A verdict for the plaintiffs was returned. The defendants made a motion for a new trial, on the general grounds, and subsequently amended the motion. The motion being overruled, the defendants excepted. Two of the grounds of the motion raised the same issue, to wit, that the court erred in instructing the jury as follows: "That prior to the organization of a corporation the organizers may make provisional contracts for the benefit of the corporation, which may become binding upon the corporation after it does become organized; but in the meantime and until the corporation is legally organized the promoters are liable as partners. The law does not require that the minimum stock specified in the charter be paid in until it is formally organized; but until it is formally organized and the minimum capital stock paid in the organizers are liable as partners." The criticism is that the court charged the jury that the minimum capital stock must be "paid in" before the organizers begin to transact business, instead of the instruction that the minimum capital stock must be "subscribed" before the organization and transaction of business. It is further shown that the same expression was used several times in the course of the court's instruction to the jury. It is also shown that at the end of the charge, after giving the jury the forms of the verdict, the court undertook to correct the mistake, using the following language: "In making my charge to you I used the words, in referring to the capital stock, I said the full amount paid when I should have said the full amount subscribed. Any corporation stockholders are liable to outsiders as partners for the amount not subscribed up to the minimum of the capital stock to be subscribed." On the hearing in this court the defendant in error moved to dismiss the writ of error, on the grounds: (*a*) because the bill of exceptions was not presented for certification within the time prescribed by law; (*b*) because no defendants in error are specifically named; (*c*) because certain exceptions pendente lite were signed twenty-five days after the motion for a new trial was overruled; (*d*) because the bill of exceptions is a carbon copy, and not the original. *Held:*

1. The motion to dismiss the writ of error is denied.

(*a*) The bill of exceptions shows that it was presented for certification within the time prescribed by law, and was held by the judge, as appears by his certificate. Civil Code (1910), § 6187.

(*b*) The bill of exceptions will not be dismissed on this ground, because the defendants in error can be supplied from the record. Civil Code (1910), § 6184.

(*c*) The fact that exceptions pendente lite assigning error on rulings of the court made during the trial were signed more than twenty-five days after the motion for a new trial was overruled is no reason why the writ of error should be dismissed.

(*d*) The bill of exceptions consists of a carbon copy and not the original, as required in the Civil Code, § 6227. It will not be dismissed for want of technical conformity to the statutes and rules in this regard. Civil Code (1910), § 6183.

2. The charge above quoted was clearly error, and the attempt to correct the mistake was not sufficient for that purpose. The court did not instruct the jury that the erroneous charge was withdrawn; and in view of the repeated use of the erroneous term, this error requires the grant of a new trial.

3. Further complaint of the charge is made, in that it did not sufficiently restrict the liability of stockholders to those who took part in the organization and also in the transaction of business before the minimum capital stock was subscribed. The liability imposed by the statute is so far penal in its nature as to require a strict construction; and on another trial the court will make clear that only those stockholders are liable to creditors, under the Civil Code (1910), § 2220, who take part in the organization of the corporation, and who also take part in the transaction of business in its name before the minimum capital stock has been subscribed. *John V. Farwell Co.* v. *Jackson Stores,* 137 *Ga.* 174 (4, *a*) (73 S. E. 13).

4. Three grounds of the motion were based on affidavits of jurors who took part in the rendition of the verdict, who deposed in substance that they did not understand the effect of the verdict, some of them being of the opinion that the verdict had the effect of a finding in favor of the defendant stockholders. These grounds were stricken, and exceptions pendente lite were filed by the plaintiffs in error. Since the judgment overruling the motion for a new trial has been reversed on other grounds, these grounds of the motion become immaterial. It is unnecessary, therefore, to decide whether the court erred in striking these grounds, and it is also unnecessary to decide the motion to dismiss the exceptions pendente lite.

5. Other grounds merely raise the question of the sufficiency of the evidence to support the verdict; and still other grounds complain of the failure of the court to instruct the jury on principles of law where it was the duty of movant to duly present proper written requests.

                 *Judgment reversed. All the Justices concur.*

             No. 3275. November 18, 1922.

Equitable petition. Before Judge Dickerson. Cook superior court. January 25, 1922.

*W. D. Buie* and *J. Z. Jackson,* for plaintiffs in error.

*J. P. Knight, E. K. Wilcox,* and *R. A. Hendricks,* contra.