14603.   CENTRAL OF GEORGIA RAILWAY CO. *v.* SMITH.

> Where a principle of law abstractly correct but entirely inapplicable either
> to the pleadings or the evidence in a case is given in charge to a jury
> as to a material issue, the error is not rendered harmless by a subse-
> quent statement of the correct principle, unless the judge expressly
> calls the attention of the jury to the incorrect statement, and re-
> tracts it.

DECIDED NOVEMBER 14, 1923.

Action for damages; from Muscogee superior court—Judge
Munro. April 21, 1923.

*Arnold & Battle,* for plaintiff in error.

*Watkins, Russell & Asbill, Paul Blanchard,* contra.

LUKE, J.   Plaintiff sued defendant as a common carrier, for a
loss of $6,361.87, alleged to have been incurred by him by reason
of damage by fire to seventy-seven bales of cotton placed on defend-
ant's platform for immediate shipment. There was a verdict and
judgment for the full sum. Defendant asked for a new trial upon
the general grounds, and upon alleged errors in the court's charge.
Having concluded, after a painstaking examination of the record,
that the evidence would sustain either the contention of plaintiff
that there was a complete delivery of the cotton to the railway com-
pany as a common carrier, or that of defendant that there was no
such delivery, it is with some reluctance that we hold that a new
trial must be granted, because of error in the charge of the court.

"A common carrier, holding himself out to the public as such,
is bound to receive all goods and passengers offered that he is able
and accustomed to carry, upon compliance with such reasonable
regulations as he may adopt for his own safety and the benefit of
the public." Civil Code (1910), § 2729. "Railroad companies, as
common carriers, have the right to establish reasonable rules and
regulations as to the time when and the place at which they will
receive goods for transportation." *Ethridge* v. *Central of Ga. Ry.
Co.,* 136 *Ga.* 677, 679 (71 S. E. 1063, 1064, 38 L. R. A. (N. S.)
932, Ann. Cas. 1912D, 128). A common carrier "has the right to
make and enforce reasonable regulations which may lawfully fix
the times, methods, and the forms in which it will receive the
various commodities it undertakes to carry." 4 R. C. L. 138.
There was introduced in evidence a rule which was in effect that
the defendant would assume no responsibility for freight until

it had been received with proper shipping instructions and receipted for by its agent. From the foregoing authorities it appears that the carrier had the right to establish this rule. The court gave in charge to the jury section 2779 of the Civil Code (1910), which is as follows: "In all cases where the person or property of an individual may be injured, or such property destroyed, by the carelessness, negligence or improper conduct of any railroad company, or officer, agent, or employee of such company, in or by the running of the cars or engines of the same, such company shall be liable to pay damages for the same to any one whose property or person may be so injured or destroyed, notwithstanding any by-laws, rules, or regulations, or notice which may be made, passed, or given by such company, limiting its liability." Certainly in charging this code section, the court injected into the case a rule of law not applicable to either the pleadings or the evidence. But it is said that the law appropriate to this phase of the case was correctly charged elsewhere, and that "A charge though not applicable to the issue involved in the case is not cause for a new trial, when it does not appear that the complaining party was probably hurt thereby." See *Dolvin* v. *American Harrow Co.,* 131 *Ga.* 300 (10) (62 S. E. 198). Was the plaintiff probably hurt by this part of the charge? It was said in *Rowe* v. *Spencer,* 132 *Ga.* 426 (5) (64 S. E. 648), that "Where an erroneous principle of law is charged as to a material issue, the error is not rendered harmless by a subsequent statement of the correct principle, unless the judge expressly calls the attention of the jury to the incorrect statement and retracts it." See also *Brush Electric &c. Co.* v. *Wells,* 103 *Ga.* 512 (1) (30 S. E. 533); *Sutton* v. *Ford,* 144 *Ga.* 587 (1) (87 S. E. 799, L. R. A. 1918D, 561, Ann. Cas. 1918A, 106); *Carter* v. *Parrish,* 154 *Ga.* 531 (2) (114 S. E. 709).

The main issue in the case was whether or not there had been a complete delivery of the cotton to the defendant as a common carrier. Involved in this issue was the question as to whether defendant had promulgated and communicated to plaintiff the above-stated rule. Whether this rule was known to plaintiff, and whether plaintiff made, prior to the fire, a bona fide attempt to present to the defendant appropriate shipping instructions and procure a bill of lading, and whether he was prevented from so doing, because of the inattentiveness of the defendant's agent, or because it had no

proper agent on duty at the time, were jury questions. The particular vice in the charge was that the court instructed the jury that a recovery could be had "notwithstanding any by-laws, rules, or regulations, or notice which may be made, passed, or given by such company, limiting its liability." As indicated above, the defendant had the right, under the law, to establish the rule under consideration. Since it was the only rule in the case, the jury, if they considered the foregoing portion of the charge at all, must have applied it to that rule, and, being unskilled in the niceties of the law, may have concluded that they had no right to consider that rule in any event. A correct rule of law entirely inapplicable to either the pleadings or the evidence in a case may be as damaging as an inaccurate statement of law that is appropriate, especially when the court, as in this case, after saying to the jury, "I read you the following sections of our code, which are applicable to the contentions made in the pleading in this case," immediately charged the objectionable code section. A careful reading of the court's charge shows that this law was given without any sort of qualification in the portion of the charge where it occurs, that the court did not at any time call the attention of the jury to the inapplicability of that law to the case, or tell them that he retracted it; and certainly it cannot be said that it was legal and proper when considered with its context. The jury should not be called upon to select for themselves and apply to the facts of the case, from two conflicting rules of law,—the one applicable, and the other not applicable,—the appropriate rule. We do not feel justified in holding that "it does not appear that the complaining party was probably hurt thereby," and we are constrained to reverse the judgment, on this ground alone.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*