## McEACHIN et al. v. JONES et al.

HINES, J. The bill of exceptions specifies the defendants in error as follows: "R. L. Jones et al., defts. in error." There were various defendants to the petition in the court below, and they are necessary parties as defendants in error in the bill of exceptions which is brought to review a judgment sustaining a demurrer to the petition, and a judgment appointing a receiver. There is a motion to dismiss the bill of exceptions, upon the ground, among others, that these necessary parties are not designated as defendants in error in the bill of exceptions, and are not made parties defendant in error otherwise than as specified above. Plaintiffs in error do not amend or offer to amend so as to designate these necessary parties as defendants in error, and to make them such. *Held:*

1. "Where a bill of exceptions which can be identified as excepting to a specific judgment is served upon counsel of record in the case, such service shall be held to bind all parties whom said counsel represented in the trial court." Acts 1911, p. 149; 5 Park's Code, § 6164(a).

2. "Where an acknowledgment of service has been procured as provided in section 6164(a), the bill of exceptions may be amended in the reviewing court by making any person a party defendant in error to the case who is bound by such service, although such person may not have been named in the bill of exceptions." Acts 1911, p. 149; 5 Park's Code, § 6164(b).

3. Before the passage of the act of 1911, the denomination of parties who

Appeal and Error, 3 C. J. p. 1036, n. 53; 4 C. J. p. 243, n. 90; p. 305, n. 30; p. 316, n. 28, 30.

are necessary parties defendant in error by the words et al., following the name of one who is a proper defendant in error, rendered the bill of exceptions fatally defective for want of necessary parties. *Orr* v. *Webb*, 112 *Ga.* 806 (38 S. E. 98) ; *Farr* v. *Farr*, 113 *Ga.* 577 (38 S. E. 962) ; *Sistrunk* v. *Pendleton*, 129 *Ga.* 255 (58 S. E. 712). By the act of 1911 this defect is amendable, and not fatal; but such bill of exceptions is defective, and in the absence of amendment will be dismissed for want of necessary parties defendant. *Adair* v. *Bradford*, ante, 288.          *Writ of error dismissed. All the Justices concur.*

No. 6145. December 16, 1927.

Equitable petition. Before Judge Custer. Dougherty superior court. June 6, 1927.

*William B. Kent,* for plaintiffs.

*Bennett & Peacock* and *S. B. Lippitt,* for defendants.