34807. BROOKS *et al. v.* ARNOLD.

DECIDED JANUARY 14, 1954—REHEARING DENIED MARCH 17, 1954.

*Bates Block, Grady E. Rozar,* for plaintiffs in error.
*Smith, Field, Doremus & Ringel, Palmer H. Ansley,* contra.

QUILLIAN, J. The husband and surviving children of Eliza Brooks sued Catherine Graves Arnold for damages, because of the alleged negligent homicide of their wife and mother. The defendant demurred generally and specially, the judge of the superior court sustained all the demurrers, and the plaintiff excepted. The petition set forth that Eliza Brooks lived in an upstairs apartment, which she rented from the defendant; that the only means of egress from the said apartment was one interior stairway; that the stairway led into a hallway downstairs, into which an outside door opened, and also the downstairs apartment; that the downstairs apartment caught fire; that, before the presence of the fire was discovered by the said Eliza Brooks, the flames had spread from the said downstairs apartment and had engulfed the aforesaid stairway which was the only means of egress from the apartment where she lived, so that she could not descend them; that, in order to escape the peril of the fire she was forced to jump out of an upstairs window and was fatally injured in so doing. It was alleged that the said Eliza Brooks was free of contributory negligence or fault or blame in the premises. The petition charged negligence on the part of the

defendant, in that she failed to furnish a proper and safe mode of egress from the said upstairs apartment by providing more th'an one means of egress, either by a rear interior stairway or by an exterior stairway or fire escape, and in failing to have the one stairway properly enclosed and separated from the downstairs apartment so as to provide a safe means of egress from the upstairs apartment in case of fire. An ordinance of the City of Atlanta was pleaded and attached to the petition as an exhibit, which ordinance provided in part: "1. Any building, structure, enclosure, place or premises is a nuisance, when it is perilous to life or property by reason of its construction, or of the condition or quantity of its contents, or of the use of the building or its contents or the enclosure, or of the overcrowding at any time of persons therein, or of deficiencies in its fire alarm or fire prevention equipment, or of a condition in its construction likely to cause fire or the spreading of fire, or of conditions therein which would hamper or impede the Fire Department in combating a fire in or about the building; . . .

"2. The Building Inspector, acting in cooperation with the Chief of the Fire Department, is charged with the duty of enforcing this section. All employees of the Fire Department and of the Police Department shall make a report in writing to the Building Inspector of any buildings or structure which are, may be or are suspected to be a nuisance, perilous to life or property by reason of its construction or for any other reasons.

"3. Whenever the Building Inspector has information that any building or structure may be in such condition that it is a nuisance, he shall cause an examination thereof to be made, and if upon such examination the Building Inspector finds that any building or structure has any or all of the defects hereinafter set out in this paragraph, or that any other conditions exist which in his opinion constitute nuisance, it shall be his duty to cause the owner of such building or structure, or the person in possession, charge or control thereof, to be summoned to appear before the Recorder as provided by Section 72-401 of the Code of Georgia of 1933, to determine whether or not any such condition constitutes a nuisance and be abated with respect to such buildings and structure, the conditions above referred to are being set out herein are as follows: . . . (g) Those having inadequate

facilities for egress in case of fire or panic or those having insufficient stairways, elevators, fire escapes or other means of communication."

It was further alleged that the apartment in question constituted a nuisance at the time of the fire, in contravention of the foregoing ordinance, for substantially the same reasons for which the defendant was alleged to have been negligent with respect to the deceased, and that as such it directly and proximately caused the homicide of the decedent.

The plaintiffs, with respect to their right to recover of the defendant, stand on the same footing as their decedent. If she could not recover for a negligent injury arising in the same circumstances, had she lived, the plaintiffs likewise cannot recover for her negligent homicide.

"It is an elementary rule of construction, as applied to a pleading, that it is to be construed most strongly against the pleader; and that if an inference unfavorable to the right of a party claiming a right under such a pleading may be fairly drawn from the facts stated therein, such inference will prevail in determining the rights of the parties." *Krueger* v. *MacDougald,* 148 *Ga.* 429 (96 S. E. 867). As was said by Justice Atkinson in the body of the opinion in that case with respect to the principle above quoted, it "is so universally recognized that it is unnecessary either to cite authority for it or to state the reasons upon which the rule is based." Applying the above rule to the present petition, from the facts alleged it is inescapable that the defects in the construction of the apartment alleged in the petition, that is, that there was only one means of egress from the apartment, that the building was constructed of wood, a highly combustible material, and that the single stairway was not enclosed, were patent defects as easily discernible to the tenant as to the landlord, and that Eliza Brooks rented the apartment and continued to live therein with full knowledge of the danger inherent in her occupying the apartment. There is no allegation that the decedent did not know of the dangerous condition of the building or that she could not have been made aware of the condition after occupying the apartment as a tenant. She must, therefore, be presumed to have had such knowledge.

"If the plaintiff, by ordinary care, could have avoided the con-

sequences to himself caused by the defendant's negligence, he is not entitled to recover. . . (a) This doctrine has been frequently applied in actions brought by tenants against landlords for damages sustained by tenants by reason of landlords' failure to keep the rented premises in repair, as they are bound to do under the statute in this State. . . (b) The question of negligence is, of course, usually one for the jury. Where, however, the allegations of a petition clearly disclose that the plaintiff, by the use of ordinary care, could have avoided the consequences to himself caused by the defendant's negligence, the petition is subject to general demurrer, and where such fact does not clearly appear from the petition but is manifest from the evidence submitted by the plaintiff on the trial, a nonsuit is proper." *Ball* v. *Walsh*, 137 *Ga.* 350 (1) (73 S. E. 585).

Under the foregoing rules of law, the petition in the instant case was subject to the general demurrer. It is apparent that Eliza Brooks, the deceased, occupied the apartment in question as a tenant of the defendant for a period of time which was sufficient to have enabled her to ascertain the hazardous conditions existing therein and to have avoided any negligence of which the defendant might have been guilty in maintaining the apartment in the condition alleged, and for this reason the trial court did not err in sustaining the general demurrer and in dismissing the petition.

In the foregoing opinion we are assuming for the sake of argument that the various acts and omissions charged against the defendant by the petition constituted negligence, but nothing herein is to be taken as a holding or decision to that effect.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*