35156. WASHBURN STORAGE COMPANY *v.* GENERAL MOTORS CORPORATION *et al.*

DECIDED JULY 9, 1954.

*James L. Flemister, Marjorie Thurman,* for plaintiff in error.

*Burt DeRieux, Marshall, Greene & Neely, Gaines, Simpson & Peabody,* contra.

GARDNER, P. J. ■ A motion is made to dismiss the bill of exceptions on two grounds. The first is as follows: Because no party was named therein as defendant in error, and further the acknowledgment of service by counsel for the manufacturer and the dealer did not purport to acknowledge service for any particular person, firm, or corporation.

Where the parties defendant are ascertainable from the caption of the bill of exceptions or the record, the bill of exceptions will not be dismissed for a failure to name specifically the parties defendant. *Webb & Martin* v. *Anderson McGriff Hardware Co.,* 188 *Ga.* 291 (3 S. E. 2d 882); *Carter* v. *Parrish,* 154 *Ga.* 531 (114 S. E. 709); *Pierce* v. *Powell,* 188 *Ga.* 481 (4 S. E. 2d 192); *Galfas* v. *City of Atlanta,* 88 *Ga. App.* 385 (76 S. E. 2d 641).

The present bill of exceptions recites that the parties in the court below were Washburn Storage Company *v.* General Motors Corporation and Downtown Chevrolet Company; and that the trial court sustained the demurrers of each defendant, and the exception is to that judgment sustaining the demurrers of each defendant.

Where a bill of exceptions which can be identified as excepting to a specific judgment is served *on counsel of record in the case,* such service shall be held to bind all parties whom said counsel represented in the trial court. Code § 6-912; *McEachin* v. *Jones,* 165 *Ga.* 403 (140 S. E. 878). The record shows that Burt DeRieux of Neely, Marshall & Greene was of counsel for General Motors Corporation in the case, and it appears from the bill of exceptions that he acknowledged service. This was

binding on General Motors Corporation. Martin H. Peabody was of counsel for Downtown Chevrolet, and he acknowledged service for that company. On the first ground, the bill of exceptions is not subject to dismissal.

The second ground of the motion to dismiss is because counsel did not state that this court and not the Supreme Court had jurisdiction over the case. The requirement of Rule 9 (Code § 24-3609) of this court that the plaintiff in error state that this court and not the Supreme Court has jurisdiction of the case will not work a dismissal of the bill of exceptions either, as that is a matter which will only subject counsel to a contempt citation. *Kerns* v. *Crawford*, 51 *Ga. App.* 158 (179 S. E. 854). The motion to dismiss is without merit.

■ We come next to consider whether or not the court committed reversible error in sustaining the general demurrers of the manufacturer and the dealer. We will first consider the case of the dealer. The question in regard to the dealer is, what liability does an automobile dealer have to a third party to whom an automobile is sold, which automobile contains a latent defect, and which automobile has been obtained from a manufacturer for the purpose of resale. A latent defect is one which could not have been discovered by inspection. A patent defect is a defect which could be discovered by inspection. In *King Hardware Co.* v. *Ennis*, 39 *Ga. App.* 355 (147 S. E. 119), this court said: "It is the general rule that a vendor or dealer who is not the manufacturer is under no obligation to test an article, purchased and sold by him, for the purpose of discovering latent or concealed defects, but that when he purchases and sells an article in common and general use, in the usual course of trade, without knowledge of its dangerous quality and with nothing tending reasonably to call his attention thereto, he is not negligent in failing to exercise care to determine whether it is dangerous or not. In such a case, he may assume that the manufacturer has done his duty in properly constructing the article and in not placing upon the market a commodity which is defective and likely to inflict injury."

It is universally accepted, insofar as we are aware, that a motor vehicle such as the one here in question is not considered in law as dangerous per se. We are not unmindful that the peti-

tion alleged in paragraphs 5 and 6 that the front axle of the truck broke, and that this break was due to a latent defect in the axle, there being a pitted groove across the top of the axle; and that said axle broke at such defective place, causing the body of the truck to fall down upon the wheels, thus causing the truck to go out of control and to be thrown on its side. It is true that the petition does not allege where on the axle the pitted groove was located, but we are of the opinion that, taking the petition as a whole, it is not sufficient to set forth a cause of action against the dealer. We are further of the opinion that in such a situation the law does not require a dealer to examine the vehicle to such an extent as to require the dealer to discover such a defect in the axle as the petition alleges. The court did not err in sustaining the general demurrer as to the dealer.

We come next to consider whether or not the court erred in sustaining the general demurrer of the manufacturer and in dismissing the petition as to the manufacturer. The manufacturer filed numerous special demurrers which the court did not pass upon. We are aware that, when a pleading is considered on general demurrer, if there are inferences unfavorable to the rights of the plaintiff which may be fairly drawn from the allegations of the petition, this ought to be done. In such a case the petition must be construed in the light of omission as well as averments. See *Hulsey* v. *Interstate Life &c. Co.*, 207 *Ga.* 167, 169 (60 S. E. 2d 353); *Moore* v. *Seaboard Airline Ry. Co.*, 30 *Ga. App.* 466 (118 S. E. 471). As we construe the petition, the manufacturer is charged with the manufacture of an article having a latent defect. In this connection, we are of the opinion that this conclusion with reference to the manufacturer is not inconsistent with what we have held regarding the dealer in division 2 of this opinion. Able counsel for the manufacturer call our attention to *Wilkinson* v. *Rich's, Inc.*, 77 *Ga. App.* 239 (48 S. E. 2d 552). We have reread that case in the light of the pleadings in the instant case, and cannot conclude that the facts there and the facts in the instant case are of sufficient similarity to control the decision here. Our attention is called to Amason *v.* Ford Motor Co., 80 Fed. 2d 265; Dillingham *v.* Chevrolet Motor Co., 17 Fed. Supp. 615.

It is our opinion that a manufacturer, who sells articles know-

ing that such articles are liable to be resold or used by other people than the buyer, is held liable under modern law for an injury to a stranger caused by such a defect as is alleged in the instant petition. The principles of law which control in the present case are fully discussed in *Simmons Co.* v. *Hardin,* 75 *Ga. App.* 420 (43 S. E. 2d 553), and *Eades* v. *Spencer-Adams Paint Co.,* 82 *Ga. App.* 123 (60 S. E. 2d 543). As to the gravamen of the instant case, this court in the two last-cited decisions went fully into the principles of law which govern in the instant case. Questions as to the plaintiff having used the vehicle in question for approximately four months and how heavily the vehicle was loaded, and other questions as to what was the proximate cause of the alleged damage, can, of course, be developed on the trial of the case and thus determine the proximate cause of the alleged damage.

The court erred in sustaining the demurrers of the manufacturer and dismissing the petition as to it.

*Judgment affirmed in part and reversed in part. Townsend and Carlisle, JJ., concur.*