35140. STEPHENSON *et al. v.* WHITEN, by next friend.

DECIDED OCTOBER 26, 1954—REHEARING DENIED NOVEMBER 23, 1954.

*Hamilton Lokey, Lokey, Bowden & Rolleston, Marvin G. Russell, Turner Paschal,* for plaintiffs in error.

*Hamilton Douglas, Jr., Haas, White, Douglas & Arnold,* contra.

QUILLIAN, J. The contentions of the plaintiff in error, defendant (hereinafter referred to as defendant, as the plaintiff in the trial court is referred to here as the plaintiff), are that the allegations of the petition affirmatively show that the plaintiff was so wanting in care for her own safety as to preclude a recovery by her. This contention is predicated on the fact that the petition shows that, at an early hour on New Year's day, the plaintiff was riding on the same seat as the driver, and that the petition alleged as one of the acts of negligence on the defendant's part that the defendant was intoxicated. The petition did not show the extent of the defendant's intoxication further than to allege that the defendant Stephenson was negligent, "(c) In driving her vehicle while under the influence of intoxicating liquors, which was negligence as a matter of law in violation of Georgia Code § 68-307."

The court properly overruled the general demurrer. If one rides with a driver of a motor vehicle knowing that the driver is under the influence of any intoxicating liquors, he is not in the exercise of ordinary care for his own safety. *Williams* v. *Owens*, 85 *Ga. App.* 549 (69 S. E. 2d 787). The petition for recovery in this case did not affirmatively allege that the plaintiff knew that the defendant was under the influence of an intoxicant, nor did the petition allege facts from which it must necessarily be inferred that the plaintiff had ascertained that the defendant had imbibed to such an extent she could not safely operate the automobile, until after the wreck resulting in the plaintiff's injuries had occurred.

If the circumstances of the case, as revealed by the allegations of a petition, are so conclusive that a person of ordinary intelligence must be inferred to have been cognizant of the fact that another with whom he rode in an automobile was so intoxicated as to be incapable of driving, the petition is subject to general demurrer. But in this case, as in *Evans* v. *Caldwell*, 45 *Ga. App.* 193 (163 S. E. 920), the facts alleged can not be held so conclusive of the plaintiff's knowledge that the defendant was intoxicated or so much under the influence of intoxicants as not to be able to drive with ordinary efficiency.

One riding in the same seat with the driver of a vehicle is not chargeable as a matter of law with knowledge that the driver is

under the influence of drink or drug, nothing more appearing. It is a circumstance that, along with other facts of the case, could be considered by the jury in considering an issue as to whether the plaintiff knew that the defendant's ability to drive was materially affected by drink.

Indeed, if there has ever been any doubt that one near another is not chargeable with knowledge of the latter's condition as to sobriety or intoxication, or that one can always ascertain the condition of another as to sobriety by mere inspection of his person and conversation with him, the legislature of this State recently concluded the matter by passage of an act, a portion of which reads: "Any person who is arrested for driving or operating a vehicle while under the influence of intoxicating liquor shall have the right to demand a blood test to determine the amount or weight of alcohol in his blood, and it is mandatory upon the officials in whose custody he shall have been placed after arrest to have such a blood test made immediately after demand by the arrested person, provided the facilities for making such a test are available in the county of his confinement. The Director of Public Safety shall designate one or more physicians or certified hospital technicians for each county to perform such tests upon the request of any person so arrested." Ga. L. 1953, Nov.-Dec. Sess., p. 576.

Admittedly, there are cases in which the test provided would be useless, because the driver's drunkenness is obvious. But it is also true that the legislature in its wisdom did not do a vain thing; and if there had not been doubt in some cases that the extent of the driver's incapacity on account of drink could not be determined from his appearance or even his conduct, there would have been no reason for the above-quoted law.

Good counsel for the plaintiff in error very persuasively point out as indicative of the plaintiff's knowledge the facts alleged in the petition as to the lateness of the hour and the occasion on which the wreck occurred. It is true that according to the petition it was 1 o'clock in the morning on New Year's day and that the parties were returning together from a party. None of these facts is conclusive that the plaintiff knew, or in the exercise of ordinary care could have known, of the defendant's drinking.

The trial court did not err in overruling the general demurrer. *Judgment affirmed. Felton, C. J., and Nichols, J., concur.*

ON MOTION FOR REHEARING.

We have read with interest the forceful argument presented to us in the plaintiff in error's motion for rehearing, spendidly urging that the cases of *Washburn Storage Co.* v. *General Motors Corp.,* 90 *Ga. App.* 380 (83 S. E. 2d 26), and *Brooks* v. *Arnold,* 89 *Ga. App.* 782 (81 S. E. 2d 289) are controlling. It is held in those cases: "We are aware that, when a pleading is considered on general demurrer, if there are inferences unfavorable to the rights of the plaintiff which may be fairly drawn from the allegations of the petition, this ought to be done. In such a case the petition must be construed in the light of omission as well as averments."

"It is an elementary rule of construction, as applied to a pleading, that it is to be construed most strongly against the pleader; and that if an inference unfavorable to the right of a party claiming a right under such a pleading may be fairly drawn from the facts stated therein, such inference will prevail in determining the rights of the parties." *Brooks* v. *Arnold,* supra.

The principle is sound and its pronouncement is, we hope, clearly stated in the decisions referred to by the plaintiff in error. Those cases, however, are distinguishable on their facts from the instant case, in that in them the conditions or circumstances referred to in the pleadings are in the course of human experience so uniformly obvious that it can be safely presumed that they would not escape the notice of one who the pleadings showed had the opportunity to observe them. In this case the pleadings relate a condition as to the physical state of a person that is not necessarily apparent to an ordinarily observant person. So, by the same parity of reason as that employed in the *Washburn* and *Brooks* cases, the conclusion is logically arrived at in this case.