A92A0600. PURVIS v. VIRGIL BARBER CONTRACTOR, INC. et al.
(421 SE2d 303)

BIRDSONG, Presiding Judge.

John Albert Purvis, Jr. appeals from a judgment, based upon a jury verdict, in favor of Virgil Barber Contractor, Inc., the Georgia Department of Transportation (DOT), and Billy Jack Giddens on

Purvis' claim against them for damages arising from injuries he received when a car in which he was riding went through a "T" intersection and off the road on the other side. On the day of the incident, Barber Contractor was paving the county road under a contract with Berrien County pursuant to a contract between the county and DOT in which the county was to pave the road. Giddens was the DOT representative on the project. When he was injured, Purvis was a back seat passenger in a car driven by Donna Marie Hill, and he alleges he received severe permanent head injuries and paralysis as a result of defendants' negligence.

Although he sued Hill, Berrien County, Barber Contractor, DOT, and Giddens, Purvis settled with Hill and Berrien County prior to trial. His claims alleged that Hill was negligent in the operation of the car; Berrien County, Barber Contractor, and DOT violated their legal duties to install warning signs and barricades at the intersection; and Giddens violated his duty to assure that the signs and barricades were installed.

Purvis contends the trial court erred by ruling and charging the jury that Barber Contractor had no duties under the DOT contract, by receiving testimony to that effect, and by failing to give his charge on this issue to the contrary. Purvis also contends the trial court erred by denying his motion in limine and objections seeking to exclude evidence that a test of his blood after the accident showed the presence of ethanol, and by charging the standard of care required of an impaired person. Finally, Purvis contends the trial court erred by denying his motion in limine and objections attempting to exclude, under OCGA § 40-8-76.1, evidence he was not wearing a seat belt at the time of the collision, and his objections to the testimony of a defense expert on the effects of not wearing a seat belt. *Held*:

1. Purvis' contention that the trial court erred by construing the contract and charging the jury that Barber Contractor had no duty under the contract to install the warning signs is without merit. "The construction of a contract is a question of law for the court." OCGA § 13-2-1. Thus, the trial court did not err by construing Virgil Barber Contractor's obligation under the contract. Moreover, review of the contract shows that the construction given by the trial court was correct. The parts of the contract on which Purvis seeks to rely do not impose a requirement upon Barber Contractor to install the signs that Purvis contends were required. Instead, these provisions require Barber Contractor to install warning and traffic control devices connected with its paving of the highway.

Under our law Barber Contractor had no duty to protect Purvis from dangerous or defective conditions caused by others (*Schwarcz v. Charlton County*, 211 Ga. 923, 929-930 (89 SE2d 881)), and it is clear that Berrien County, not Barber Contractor, had the obligation to in-

stall the signs which Purvis claims were necessary. See OCGA § 32-4-41 (1): "A county shall plan, designate, improve, manage, control, construct, and maintain an adequate county road system and shall have control of and responsibility for all construction, maintenance, or other work related to the county road system," and OCGA § 32-6-50 (c): "In conformity with the uniform regulations of the department, counties and municipalities shall place and maintain upon the public roads of their respective public road systems such traffic-control devices as are necessary to regulate, warn, or guide traffic." Moreover, OCGA § 32-6-51 prohibits Barber Construction from placing the signs on its own initiative. See also *Murdock v. Ledbetter-Johnson Co.*, 105 Ga. App. 551 (125 SE2d 99): A contractor had no duty to install warning signs at the "T" intersection. Therefore, this enumeration of error is without merit.

2. Purvis argues that the trial court erred by admitting the results of a blood test that showed he had consumed some alcohol because the admitting physician could not recall whether he had ordered the test. This contention is without merit. Regardless whether this particular physician ordered the test, the evidence showed that the test was conducted as part of the hospital's routine admittance procedures for a patient who was unconscious at the time of admission. OCGA § 24-3-14 (b); *Bynum v. Standard (Chevron) Oil Co.*, 157 Ga. App. 819, 820 (278 SE2d 669).

Moreover, we also find no error in giving the following charge: "I charge you that in viewing the conduct of a person impaired by alcohol for the purpose of determining his negligence or contributory negligence, the state of mind produced by that impairment may be disregarded or either be just as if the conduct occurred while he was in possession of his normal mental capacity." This charge simply advised the jury that regardless of the evidence of consumption of alcohol Purvis was not entitled to be adjudged by a lesser standard of care for his own safety. This charge was authorized because of defendants' contentions that Purvis was contributorily negligent in riding with a driver who was under the influence of alcohol. See *Stephenson v. Whiten*, 91 Ga. App. 110, 112 (85 SE2d 165).

3. Purvis' final enumeration contends the trial court erred by denying his motion in limine and admitting evidence that he was not wearing his seat belt at the time of his injury because OCGA § 40-8-76.1 (d) prohibits the introduction of such testimony. Although OCGA § 40-8-76.1 (d) became effective on September 1, 1988, and this incident occurred on September 10, 1988, the trial court ruled that the Code section was inapplicable because by its terms the Code section only applies to front seat passengers and Purvis was a rear seat passenger. While we recognize the Code section as written permits an inconsistent result, the answer to this problem must be fur-

nished by the legislature.

Pretermitting whether the trial court erred in allowing the evidence, any error was harmless. OCGA § 9-11-61; *Georgia Power Co. v. Bishop,* 162 Ga. App. 122, 126 (290 SE2d 328).

This court has consistently held that seat belt evidence is relevant only to the issue of damages. *Payne v. Joyner,* 197 Ga. App. 527, 528 (399 SE2d 83); *Bales v. Shelton,* 197 Ga. App. 522, 524 (399 SE2d 78); *Cannon v. Lardner,* 185 Ga. App. 194, 195 (363 SE2d 574); writ vacated as to this issue 258 Ga. 332 (368 SE2d 730); *Wendlandt v. Shepherd Constr. Co.,* 178 Ga. App. 153, 154-155 (342 SE2d 352).

Therefore, when, as in this case, the jury has been instructed to consider seat belt evidence only on the issue of damages and not on liability and the jury returns a verdict for the defendant on liability, we have held that any errors concerning this issue were harmless. See *Arnold v. Arnold,* 197 Ga. App. 103, 105 (397 SE2d 724). Therefore, "we again conclude we need not decide the appropriateness of the seatbelt evidence . . . for it is clear from the transcript that the evidence was offered as relating to damages. Where a verdict is returned in favor of the defendant, any issue as to damages becomes moot. [Cits.]" *Sapp v. Johnson,* 184 Ga. App. 603, 606 (362 SE2d 82).

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED JUNE 25, 1992 —
RECONSIDERATION DENIED JULY 14, 1992 — ▮▮▮▮▮▮▮

*Simpson & Gray, Ralph F. Simpson, Joseph B. Gray, Jr., O'Neal, Brown & Sizemore, Manley F. Brown, Lamar W. Sizemore, Jr.,* for appellant.

*Michael J. Bowers, Attorney General, Charles M. Richards, Senior Assistant Attorney General, Moore & Studstill, Mitchell O. Moore,* for appellees.